IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

COREY MICENHEIMER,

    Petitioner,                    No. 2:11-cv-1068 JAM JFM (HC)

    vs.

SAN JOAQUIN COUNTY
SUPERIOR COURT CASE
# SC035537,                           ORDER AND

    Respondent.             FINDINGS & RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

        Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

        By this action, petitioner seeks to "be released from all penalties and disabilities resulting from San Joaquin County Superior Court Case number: 5C035537." Exhibits appended to the petition show that the case number refers to a case pursuant to which in November 1984, petitioner entered a plea of guilty to two counts of burglary and one

1

misdemeanor charge of being under the influenced of a controlled substance. Ex. A to Petition for Writ of Habeas Corpus, filed April 20, 2011, at 215-217.[1] For the two burglary counts, petitioner was sentenced to four years in state prison, which was suspended on the condition that petitioner serve three hundred sixty five days in county jail, and a five year term of felony probation. Id. at 219. For the misdemeanor conviction he was sentenced to thirty days in county jail and three years of informal probation. Id. at 222. The record also shows that petitioner is currently serving a sentence of 173 years to life in prison following a 1998 conviction on multiple state criminal charges. Petition at 2.

"The federal courts have jurisdiction to issue a writ of habeas corpus to someone who 'is in custody in violation of the Constitution or laws or treaties of the United States....' 28 U.S.C. § 2241(c)(3)." Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998). The "in custody" requirement is jurisdictional. Id.

Rule 4 of the Habeas Rules requires a judge to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. It plainly appears from the petition and the attached exhibits that petitioner is not in custody on the conviction complained of. For that reason, this court lacks jurisdiction over this action and it should be summarily dismissed.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must

---

[1] The page numbers refer to the numbers at the bottom right hand corner of the exhibit.

state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). Where a petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

For the reasons set forth in these findings and recommendations, the court lacks jurisdiction over this action. Accordingly, no certificate of appealability should issue.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis is granted;

2. The Clerk of the Court shall serve a copy of these findings and recommendations and a copy of the petition for writ of habeas corpus on Michael Patrick Farrell, Senior Assistant Attorney General; and

IT IS HEREBY RECOMMENDED that:

1. This action be summarily dismissed; and

2. The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the

/////
/////
/////
/////
/////

1 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
2 F.2d 1153 (9th Cir. 1991).
3 DATED: July 25, 2011.

UNITED STATES MAGISTRATE JUDGE

12
mice1068.156